May it please the Court. Piff and Lowe essentially has a very long saga in the California courts and now the District Court. Her story is set forth in the papers and has been well publicized, but essentially what it boils down to was a series of acts by a Superior Court, Los Angeles, in 1996 alleging sexual misconduct. Hasn't that story been well thrashed out in court already? Yes, it has. Your Honor, what Why isn't the previous adjudication preclusive of this case? In speaking specifically on race judicata collateral estoppel, what happened in the prior case was, again, a series of things. There was an amended complaint, a First Amendment complaint I didn't ask for the history of the case. Why doesn't that case preclude this one? On race judicata collateral estoppel, that particular point, it does not, because the issues in this case, civil rights, were absolutely not litigated in that case below. All that was litigated Same set of facts, right? Same set of facts. Different – well, not really. If you come up with different legal theories, does that mean you can go file another lawsuit? Your Honor, it should. It should because the legal theories will present different primary rights. Is that California law? That is California law. Okay. The primary right itself also depends on what evidence was presented below. What evidence was presented below was very Are you telling me you can get a second bite because somebody didn't present the right evidence below? That can't be the law. Your Honor, it's not that they didn't present the right evidence below. It is that the trial court below kept it from getting presented that they So because of the trial judge's evidentiary rulings, you're allowed to file a new lawsuit in Federal court? Is there any authority to support that proposition? Your Honor, two points in the Ruker-Feldman cases that we cited, in particular the Robinson case. Essentially, the trial court in that case, the State court did not allow a civil rights cause of action to be presented Ruker-Feldman is not a claim preclusion or a race judicata case. I don't think that has anything to do with what Judge Clifton is asking. If there is a primary right that the State court did not hear, which is civil rights, then that primary right can be presented in the Federal court. The cases that we've cited in the briefs on race judicata collaterals say that essentially. Even if that's true, though, you'd have issue preclusion. There are certain facts that were established between the parties in the State court litigation. So I assume you get past the question whether you can raise a claim at all. Certain things have to be taken as given in this case, established, because they are adjudicated. So if I understand correctly what happened in the State court, the State court jury found no battery, which I gather was construed by the State court to mean that she consented. You're nodding. Is that right? I think that is what they found. So her consent means that this was not coerced. He did not threaten her in order to induce her to have sexual relations with him. Is that a fair construction of the State court judgment? I think, Your Honor, it is somewhat fair and somewhat not fair in that what happened in the State court action, the State court action is actually technically still going on, because the causes of action haven't been tried against Trammell himself. This was just a trial against the State of California only. The trial judge essentially severed out Judge Trammell in a pretrial ruling. Well, his body wasn't there, but the whole case was about him and what he did. It's derivative liability. That's exactly right. And it doesn't matter for your purposes, because you have a fairly difficult liable stopper. Your client was a party, had every reason to litigate. Rulings were entered against her. She suffers the consequences in this case. Where I'm going with that, Your Honor, is that there is no finding against Judge Trammell at all, only vis-à-vis low on vicarious liability. Put that aside. Put that aside. I think it's important because Judge Trammell is a party to this case. I understand. But put that aside. Okay. And answer my question. Your Honor, it's not preclusive, because Judge Trammell wasn't a party to the State court judgment. And it isn't. But what your client was. And it's California only. And the State of California could only have been held liable based on findings involving Judge Trammell. But that doesn't mean that this case Is that right? No. It is not right. So Judge Trammell could have been found completely innocent, and the State could have still been held liable. Oh, well, that's true. That's true. But it can't work in the converse, because if Judge Trammell wasn't tried below, Judge Trammell essentially got a free walk because he didn't have to go to court. No, he didn't get a free walk because the court, the State court, determined your client consented. That's issue preclusion. And if your client consented, there's not a case left against Judge Trammell either, is there? There should be, Your Honor. Why? If your client consented, could there be a case against Judge Trammell? Yes, because there was different evidence that was not presented at trial because Trammell was not there. No, no, no. I didn't ask what evidence was submitted at trial. Let's just take the broad legal proposition. Could Judge Trammell be liable if the factual determination in this case or any case where Judge Trammell is present is that your client consented? No, because that issue is not litigated. That issue is not vis-a-vis Judge Trammell. Okay. I gather what you're saying is, see, you can have affirmative collateral estoppel against somebody, somebody who was not a part of the earlier proceedings can raise it against a party that was a part of the earlier proceedings if the issue was fairly litigated. Correct. And I gather what you are trying to say is that the issue was not fairly litigated because there was certain evidence that was excluded. Including the entire party of Judge Trammell. He wasn't there. Wait. He's on evidence. Admissions that he had made in papers. Essentially, he said stuff that would have contradicted. Basically, this trial came down to they are saying he's a judge. He couldn't have done it. He didn't do it. And this law was some contradictory things that they had found about her. What was excluded were all sorts of admissions about Judge Trammell that were in papers that he had filed before where he said I didn't have sex with her. I did have sex with her. I was forced to have sex with her by my fear of the mafia. All these various things that, I mean, I've cited this in papers in the State court, but it was very powerful when our President, our former President Bill Clinton, said I did not have sex with that woman. And later he had to go back on that statement. And still to this day he lives in disgrace of that. If that statement that Judge Trammell had said, the admission, I didn't have sex with her, and then the subsequent ones had gotten in, then those statements were not in because they were omitted because they were hearsay. They were omitted because they were hearsay and he wasn't a party at trial. Therefore, it couldn't get in under party admissions. Now, there's another point, too, and that is that there were all sorts of other evidence of acts that he had done before of the fact that his bailiff knew these things. Those things weren't admitted also because he wasn't a party. And it pared the case down so much that it wouldn't have gotten. I mean, I think the result would have been very different had Judge Trammell been there. And therefore, it wasn't fully litigated vis-à-vis Lowe-Trammell. And that's why this case can proceed. Also, the evidence that the evidence about the prior acts with the women should get in under Evidence Code 415, Federal Evidence Code 415, whereas in the State Court it's discretionary, it's mandatory. Prior sex acts under Evidence Code 415 get in in Federal court, whereas they don't necessarily get in in State court. And that was what wasn't in in the State court as well. And again, this goes to the fairly and fully litigated prong of affirmative collateral estoppel in your view. It does, Your Honor. Okay. You've got a minute 16. I'll reserve it. Not counting your time. Just tell me, is the case – you can stop the clock. Is the case against the State now final? I wasn't able to figure out whether there was no review in the California Supreme Court. It denied review, Your Honor. It did deny review. Okay. I could find it. Okay. Thank you. It's actually quite recent, so it's probably – I see. Okay. I can submit it if you need to see it. No. We'll take your word for it. Thank you, Your Honor. We'll hear from the State. Actually, Your Honor, I represent the county of L.A. The county. Okay. That is one thing that I wanted to point out. There is all of this discussion about Trammell not showing up. That was the State and State court, and this is the county. This is the county. And there certainly is a final decision as to the county. Your name is? I'm sorry, Your Honor. Jennifer Layman for the county of Los Angeles. The State courts have found that the county has no liability for Trammell. They have found that he is a State employee. That decision is final. As to any potential liability – I'm sorry. The State court found that the State is not liable. That the county is not liable for Judge Trammell because it is a State employee. Oh, I'm sorry. And not liable in State court. Correct. Okay. I'm sorry. Correct. And then as to – I'm with you. That was a pretrial on motion, right? Correct. And it went all the way up to the Court of Appeal. Petition for review was denied. I'm sorry. It was the State – not liable under State law. Yes, sir. Okay. All right. Okay. I'm with you. And plaintiff's only other theory of liability as to the county, who I represent, is the actions of the bailiff and the court clerk. And Ms. Lowe voluntarily dismissed those individuals. I thought they had a supervision claim. Their claim against the county as to bailiff and the clerk – I thought they had a supervision over the judge claim. And that issue was decided by the State court. They said that the county could not control Trammell because he was a State employee, not a county employee. Nobody could control Trammell. But the county certainly could not control him because they had no power over him, unlike the State. Did they find they had no power, or did they just simply find that he was not an employee? They found that he was not an employee, and the test for determining whether he was an employee was whether they had the power to direct, supervise, control his activities. And they found that the county did not. Well, but it doesn't go the other way, does it? You could have the power to control Trammell, without being an employer. In this case, they found that the county did not. Just answer my question. Could you repeat your question, please? In order to be an employer, you have to have, among other things, ability to control. Yes. But you could have ability to control without being an employer. I suppose that is possible. If you are a subcontractor brought in to manage the workforce, for example, you would not be an employer, and yet you would have ability to control. Sure. I agree that that is possible. So the fact that they found he was not an employee doesn't necessarily mean that the county is not an employer. That he was not an employee of the county doesn't necessarily mean the county can't control, or has no ability to control. I think that it does mean that, because in order to find that he was an employee, or that the county was not his employer, they had to find that he was not under the control of the county. But my point above and beyond all of that is that this issue has already been decided in the state courts, and what plaintiffs seem to do. No, no, but that's the whole question. It hasn't been decided. I would submit that it has been, Your Honor. Well, tell me again why. It's in the ruling of the state court when discussing the county's liability for Judge Trammell's actions. And that was a motion to dismiss, a demur or something? It was on a demur. It was an appeal of a demur. So, again, I would just submit that these actions, or these issues, have already been litigated in the state court, and this action is simply meant to relitigate those issues. If I find the ruling of the demur, I will find that they said there was no ability to control. Yes, Your Honor. It's attached to our brief. It's attached to your brief? Correct. The red brief? One of these exhibits here? You have two exhibits. It's exhibit one. Okay, where in exhibit one is it? The trial court sustained the county's demurs without leave, finding Trammell was a state but not a county employee. Thus, the county could not be vicariously liable for Trammell's conduct under any theory. The trial court all accepted. Did you hear my question? Yes. If you go to the last page. Of exhibit? Of exhibit one. I believe it's page 31. Got it. On the beginning of that first whole paragraph, as in workers' compensation law, the key issue in determining an employer's vicarious liability for a public employee's conduct is control. The state had exclusive control over Trammell. No authority for the alternative claim that he was a joint servant. Well, the plaintiff argued that he was a joint employee, and the court rejected that issue. Okay. Well, where does it say that the county didn't have the ability to control him? In saying that the state had exclusive control over Trammell. Is this a factual finding? It's a legal finding, Your Honor, based on statutory law that discusses the employment of judges. I don't know. They're trying to figure out vicarious liability. I'm not sure it's the same issue. But, okay. I see. I understand your argument. I'll have to take a closer look at it. I have nothing further, unless the Court has any questions. You don't want to try to defend the district court's rulings on abstention? Again, these issues. You have a rather difficult word there. On abstention? Yes. At the time that this lawsuit was filed, there were two appeals going on. The appeal against the county for the issue of whether Trammell was a county or state employee, and the appeal of the jury verdict. I think that the district court ---- Abstention doesn't mean dismissal. Abstention is very different than dismissal. Are you going to talk about Rooker-Feldman at all? That's another tough one for you. Under the Beltran case, dismissal is appropriate for abstention. Beltran? Beltran. And what does Beltran hold? Beltran holds that the proper action when abstaining is to dismiss the case. Really? So the district court acted appropriately in abstaining and dismissing the case. I thought you mean the clearest basis for dismissal in an abstention case. I believe as long as the Court finds that there are ongoing state proceedings, that abstention is appropriate and dismissal of the case is appropriate as well. I'm sorry. And this is Beltran? Beltran v. State of California. Do you have a cipher? It's in the brief. Page 77, F. Second, 777. It's on page 7 of your red brief. And as for Rooker-Feldman, Your Honor, I think that the discussion this morning about evidentiary rulings just illustrates the point that the plaintiff is trying to appeal her trial by way of filing a federal court action. How is that the case? Well, she's talking about all of this evidence that she should have gotten in in the state court. Wouldn't set aside the state court proceeding. I mean, isn't our case law very clear that Rooker-Feldman only applies if you're trying to set aside the effect of a state court proceeding? If she wins here, she certainly will not get a judgment against the State of California, ever. Well, if she wins here, it's because she's presented the exact same evidence that she presented in the state court action. That's the reverse of the counterargument. It has nothing to do with Rooker-Feldman. That's just a fantasy. I would disagree. I think that the court — How would you disagree? Because what she's trying to do — How is this an appeal? You know what happens to an appeal? Yes. You get reversed, right? And what happens to the judgment you're appealing? It gets nullified. Now, is there any way that anything that happens here will nullify the fact of the victory of the State won in state court? If she wins here, it will nullify the victory in state court. You mean she could go get a judgment against the State of California? I think that's what her plan is, yes. How? How could she possibly get a judgment against the State of California? I think that she could argue that if she wins in federal court, that then the state court action, which she claims is different, is then nullified. What do you mean nullified? Do you mean she could actually go and collect against the State of California? Well, I would say no, but I also think that the district court properly — Well, you explain to me how she could possibly use a victory here to undo the judgment that the State of California won, that she can actually get relief against the State of California. That's what the state court action was. That's correct. I don't know. Is there any conceivable way that she could do that by winning here? She could win something against the county and against Mr. Farrell, but certainly nothing that she could do to undo the judgment against the State of California. I don't know, but I think that that is what she is trying to do by way of bringing this federal court action. Well, but it's your burden to show how this is an appeal. This has an effect of an appeal, which is what our Rooker-Fullman cases say very clearly. This has to have the effect of an appeal. It has to set aside the judgment. You've got a white shark on the line. Are you sure you want to reel it in? You didn't defend it in your brief. I mean, I'm basically saying you gave up on Rooker-Fullman. Are you trying to say that in the federal court action, a separate, the current action, plaintiff is trying to get a judgment, not that plaintiff tends to go back to state court and try to obtain a judgment on the cause of action that was litigated there? I think she's trying to obtain a judgment that is different, or in her mind, different than what has already been obtained in the state court. And it's the same exact issues that are in front of the federal court that were already decided in the state court. But you are familiar with our cases that make it very clear that if the federal action doesn't have the effect of an appeal, which is to set aside the state court judgment, it doesn't fall under Rooker-Fullman. I mean, I'm sure you're familiar with those cases. Sure. Noel in those cases, yes? Yes. How do you get around them? I think that she is trying to appeal it. I'm looking at Beltan. That's a younger abstention case. That's a younger abstention case. I was talking about what I thought was the principle basis of the district court. I mean, you're not anywhere in the area of younger abstention here because you haven't got enjoying of state court judgment. I mean, Beltan is not anywhere near applicable. I was really asking you about the other base of abstention, Pullman, what is it, Colorado River. How do you defend those? You're not anywhere near younger abstention. You're not anywhere in the younger abstention territory. Do you know what younger abstention is? Younger abstention is when the court finds that there are ongoing state proceedings. What ongoing state proceedings are that are being enjoined here? Well, at the time of the district court action. Right now. I'm sorry? Right now? Right now, there is nothing. But at the time that we filed our motion, there was an appeal of the decision that the county had no liability. How would this action have enjoined those proceedings? I mean, this is what younger is about. Remember younger from law school? Younger abstention? Younger v. Harris? Yes, Your Honor. A lot younger from attorney general? Remember what the case is about. The case is about a federal action to enjoin state court proceedings. How on earth do you get that out of this lawsuit here? I don't believe that younger is solely to enjoy state proceedings. It's intended to. I realize you don't believe that, but do you have a case that says otherwise? It used to be that it only applies to criminal proceedings. It now applies somewhat to quasi-criminal proceedings. They're not entirely criminal. Some civil type proceedings. But entirely the situations where you're trying to stop a state court proceeding. Do you have a single case that's otherwise on the younger? I will have to look through my brief, but I believe the ones that we cited in there talk about abstention in a civil case where there has been some sort of ongoing state proceedings that are of interest to younger. I looked at them. I didn't find any. Okay. Do you know of any? Just the ones that we cited in our brief, Your Honor. How about the other basis for abstention that the district court used? How about Colorado River? I mean, you haven't got Rooker-Feldman. You don't have younger, as best I can tell. How about Colorado River? Well, respectfully, I would disagree that we have Rooker-Feldman and abstention. Colorado River. You're not even close. Let me tell you, you're not even close. But let's talk about Colorado River. Colorado River. How do you get a dismissal out of the Colorado abstention doctrine? What authorizes, what case authorizes on the Colorado River abstention, abstention? Okay. What authorizes the district court to dismiss a case? Colorado River is the fallback abstention theory where the district court finds that there are important interests at hand that would require them to abstain. And in this case, the district court properly exercised that by abstaining, given the fact that there were ongoing appeals at the time of the exact issues. Right. But the Colorado River contemplates abstaining until the state court proceedings are done. They are now done. What justifies dismissal? You know, dismissal is a different animal from abstention on the Colorado River. Well, dismissal was appropriate under Rooker-Feldman and abstention. But at this point today, as we sit here, you're right. The issues are final in the state court. And I would argue that under res judicata and collateral estoppel, at this point now, her action is barred by those causes of action. Let's talk about res judicata. Res judicata, is that a basis for dismissal? I mean, you might have an issue preclusion on the question of consent. But at most, that's a waiver, which is an affirmative defense, which you would have to raise at summary judgment or at trial. I mean, all you get from the state court proceedings, or the only thing you can get that helps your client, even assuming that your client gets the benefit of all the state court proceedings, is that plaintiff consented to the sex. She did it now, of course, and she did it voluntarily. But how does that affect her due process claim? She claims a denial of due process because the judge in her case, the judge who was supposed to supervise her sentencing and her husband's sentence was having sexual relations with her. But my client... That's her claim. But my client is the county, not the state or the judge. You don't represent the... The county of Los Angeles. You don't represent the judge at all. No. So my client is the county, and we have the benefit of the state court ruling that says that the county has no liability for trammel because they have no right to control him. That hinges on whether or not the ruling of the state law that there was no supervision really is applicable here. And there was no supervision under the state court ruling. So as to her due process... Let's say you lose on that one. I'm sorry? Let's say you lose on that one. Let's say that I lose on that one? Yeah. Then I would say the issue's already been decided in the state court. I'm sorry? I would say that this issue has already been decided in the state court. Which issue? The issue of whether the county has any liability for judge trammel. And if it's... Let's say you... We look at it and we decide it's not... It does not endure the county's benefit because of the reasons given by opposing counsel. It wasn't fairly litigated. What you have to do is use affirmative collateral estoppel because your client was dismissed out, right? Yes. And so how it could not have been fairly litigated, her issue on fair litigation pertains to the trial. We were not a party to the trial because we were already out on a legal ruling that the county had not, had no liability for the judge. I'm not sure you get collateral estoppel based on legal rulings, but let's assume you don't. What then do you get out of the state court judgment? Out of the state court judgment and for the county? Yeah. For the county, we get that the county has no liability for judge trammel. On the legal ruling? On the legal ruling. But assuming the legal ruling does not carry collateral estoppel effect, because usually this was facts, not with law. Then we would bring the exact same legal law in front of the federal court that we brought in front of the state court to show that the county, again, has no liability for trammel. What happened at the trial is not of our concern. How would you raise it? In the same way we did by a 12B. A motion to dismiss. Isn't that a factual issue? Don't you have to at least write a summary judgment? No, Your Honor. Just like the state court did it on Demer. The issues pertaining to the employment of a judge are statutory. Okay. Thank you. Any other questions? You have a minute and 11 seconds left. I have only a few points. And that is, while there was this ruling on vicarious liability, it doesn't include supervision, and it should be a factual issue. That's a Demer ruling. And those issues should and hopefully will be tried at the district court level. Why doesn't it? Why doesn't it carry over? It doesn't carry over, Your Honor, for the reasons that essentially that ruling was an employee decision under, gosh, I think it's government code A15.2. This is from my memory. But A15.2, which decides what an employee is. What an employee is. This isn't a vicarious liability. It isn't strictly a vicarious liability lawsuit that we have in federal court right now. The supervision requirement should be broader under a 1983 cause of action than under the vicarious liability statute in California. You're going to be able factually to develop an argument that the county supervised and controlled Judge Trammell? Your Honor, yes. How are you going to do that? I worked in the state court system for a lot of years. How are you going to pull that rabbit out of the hat? I don't think the rabbit's in there to start with. Because of the facts of this particular case, where in this particular case, Judge Trammell was using his county employees to get Piff and Lowe into the courtroom to get the co-defendant. So the county controlled the judge through his bailiff and his? You know what? I know that sounds absolutely like there's no person in the whole world that can control a judge, especially when you're saying that to a judge. However, at some point, at some point. The bailiff was running this operation?  Your Honor, at some point. Well, we've been found out. Now they know. At some point. You never know. I've been a state man. Your Honor, at some point when I think what. I've been in state court. She's not kidding. I think at some point what we have to say as a society is that if the judge is out there doing anything he feels like, and everybody in the whole court system knows it, and they're controlled by the county, and they have the county people that they can go to. At some point, somebody can step in and control this. At some point, somebody knows. At some point, there's enough activity going on that everyone sees that someone knows, and that's the supervision that I think I'll be able to do. Let's say you are right about this and that the bailiff, in fact, advised the board of supervisors. Everybody knew. The county, the board of supervisors knew about it. What could they do about it? The judge doesn't work for them. Your Honor, at that point in time. The county pays the judge a salary, right? Yes. At that point in time. But it can't withhold the money. They can't reassign him? Your Honor, I'm sorry. I didn't hear you. I think I listened to both of you at the same time. I don't know which question I'm answering. If you could. You can answer both. My question was, they can't just refuse to pay him or just protest. They can't reassign him to a different courthouse? Yeah, I believe they could do that. I do believe they can. Who? Who can do that? That's not the way the system works in Los Angeles County or anyplace else in California. At this point in time. The county doesn't assign the judges. At this point in time, no. It never did. There was this rule in that time frame where they controlled money, they controlled various things. It was different. And all of this stuff was presented below. But it's not as significant now. However, at that point in time, the rules were different. And they had at least the ability to have dual control, dual supervision. And because of the money going from the county, that's one of the determinatives of is somebody an employer? Is this somebody controlling? Is somebody supervising? And whether or not it's done, whether or not someone has fired a judge on a county level doesn't mean that it shouldn't happen. And that's the kind of lawsuit. That's the kind of proof that I think that would have to be. The Board of Supervisors says, Judge Trammell, you're fired. That's absolutely like the proverbial tree in Canada falling. Makes no sound. Your client might as well have said, Trammell, you're fired. Even the state can't fire a judge. They have to go to the commission of judicial performance and bring a complaint. I mean, there's a process. That doesn't mean that just because they didn't do it, they shouldn't initiate the process. Whoever fires the judge can be. In that sense, you're responsible, too, because anybody can file a complaint against a judge. But that doesn't. We're all responsible for not ratting on Judge Trammell. Your Honor, I would hope that if I knew about that, that I would rat on him. But that's neither here nor there. That is my point about where do we draw the line? Who do we find responsible? And I believe that the county had enough supervisory power, supervisory knowledge. Otherwise, we will never have any public entity liable for any judge because they're, you know, this branch of government by themselves. Well, you had your shot to get the state. I'm sorry? There was a shot at the state here. There was a shot at the state. And it went to what? Trial by jury? It went to trial by jury without very much evidence. There's never any opportunity to hold the employer or the person who does have control liable. You had your opportunity and you lost. Your Honor, that was on a strict employer employee 815.2 government code section. So? You lost. But you had your opportunity. But that is not. You told us there's never an opportunity to hold any government office liable. Well, that's what I'm – that is where I'm going with the point of if we only hold one entity responsible when another entity had the power to supervise through other employees that saw what was going on, then that isn't. I thought you lost on the ground that she consented. Vis-a-vis the state on vicarious liability only. That doesn't apply to Trammell's actions himself or anybody else's actions. But you didn't lose on these grounds that you say, oh, well, you know, nobody's responsible for the judge. If she had not consented, you would have won and the state would have paid. On 815.2 vicarious liability. It's a different cause of action than the – than the – than the section 1983 action. Same color of money, right? Same color of money? Yeah. If they pay, they pay for the same color money. I don't – I don't think – Black or another, right? Money is obviously money, but that doesn't – that doesn't affect the fact that the facts and the rights are different. It doesn't. Somebody once told me that when I was a lawyer that my greatest weakness was I had the ability to convince myself that I was right when I was wrong. As a judge, too. Thank you. Case yourself. I already told that to my clerks a couple weeks ago. They know that's right also. We'll now hear argument in.
judges: Kozinski, Trott, Clifton